ORIGINAL

# In the United States Court of Federal Claims

No. 12-850T

(Filed: November 12, 2013)

FILED

NOV 1 2 2013

U.S. COURT OF
FEDERAL CLAIMS

| | | |
|---|---|---|
| ************************************ | ) | Claims for refund of income tax; |
| TERESA TIERNAN, | ) | application of I.R.C. § 7422(a), the full |
| | ) | payment rule, and the "look back" |
| Plaintiff, | ) | provisions of I.R.C. § 6511(b); penalties |
| | ) | imposed under I.R.C. § 6702 |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ************************************ | | |

Teresa Tiernan, *pro se*, Centredale, Rhode Island.

Karen Servidea, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Kathryn Keneally, Assistant Attorney General, David I. Pincus, Chief, and G. Robson Stewart, Assistant Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Judge.

In this tax case, plaintiff, Teresa Tiernan, requests a refund of income taxes that were collected by levy against her assets, including her house, as well as damages for the allegedly wrongful imposition of liens and levies instituted against her.[1] Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") or, alternatively, for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6).

---

[1] Ms. Tiernan did not specify the years for which she is requesting refunds. Both Ms. Tiernan and the government have provided information regarding Ms. Tiernan's income in 2002 through 2011, but the government avers that no tax assessments have been made for tax years 2010 and 2011. See Def.'s Mot. to Dismiss ("Def.'s Mot.") at 2 n.1, ECF No. 6. In their briefing, the parties have indicated that tax years 2002 through 2009 are the years for which refunds have been claimed. Therefore, the court will treat the complaint as addressing tax years 2002 through 2009.

## BACKGROUND

Ms. Tiernan did not timely submit an income tax return for a number of the pertinent tax years, and the Internal Revenue Service ("IRS") for those years prepared substitute tax returns for her. Based upon the IRS's Certificates of Assessments and Payments and administrative files, the following charts describe Ms. Tiernan's tax and penalty activity for the relevant tax years. The first chart shows the dates (1) of the IRS's completion of substitute returns, (2) of Ms. Tiernan's submission of returns or amended returns, (3) of the full payment, if applicable, of tax liability, and (4) of the most recent part payment if Ms. Tiernan has not fully paid the resulting tax liability:

| Tax Year | Date IRS completed substitute returns[2] | Date Ms. Tiernan filed return(s)[3] | Date of full payment | Date of last part payment |
|---|---|---|---|---|
| 2002 | 1/28/2005 | None | 12/14/2010 | — |
| 2003[4] | 1/28/2005 | 9/11/2009, 11/23/2010[5] | 12/13/2011 | — |
| 2004 | — | 11/25/2008, 11/28/2010 | — | 12/10/2012 |
| 2005 | 6/27/2007 | 11/23/2010 | 9/11/2012 | — |
| 2006 | 2/27/2008 | 2/3/2011 | — | 9/11/2012 |
| 2007 | 10/21/2009 | 11/28/2010 | — | — |
| 2008 | 9/30/2010 | 11/13/2010 | — | 10/15/2012 |
| 2009 | — | 2/2/2011 | — | 4/15/2010 |

---

[2] The substitute returns were prepared by the IRS pursuant to 26 U.S.C. ("I.R.C.") § 6020(b) and were not signed by Ms. Tiernan in accord with I.R.C. § 6020(a). In those circumstances, the taxpayer is still obliged to file a return, see *Healer v. Commissioner*, 115 T.C. 316, 322-23 (2000), and a failure to do so means that no return will have been filed for purposes of I.R.C. § 6511. *Id.* (citing *Flagg v. Commissioner*, 73 T.C.M. (CCH) 3216, 1997 WL 357856 (1997)).

[3] The dates in this column reflect the dates of submission by Ms. Tiernan of returns and amended returns.

[4] In 2003, the IRS granted Ms. Tiernan a four month extension to file a return. *See* Def.'s Mot. at 4 & Ex. 1, App. B at B-10.

[5] Ms. Tiernan made a part payment on April 15, 2004, before filing either her initial return or her amended return. *See* Def.'s Mot. at 5 & Ex. 2, App. B at B-11 to B-13.

*See* Def.'s Mot. at 4-8 & App. B, Ex. 1-8.

Shown in the following chart is a summary of penalties imposed by the IRS, the date each penalty was imposed, the authority cited for imposing the penalties, and the amount of each penalty:

| Year | Penalty Type | Date Imposed | Authority Cited | Amount |
|------|--------------|--------------|-----------------|--------|
| 2002 | Filing Frivolous Return | 11/23/2009 | I.R.C. § 6702 | 5,000 |
| 2003 | Filing Frivolous Return | 2/8/2010 | I.R.C. § 6702 | 5,000 |
| 2005 | Filing Frivolous Return | 3/29/2010 | I.R.C. § 6702 | 5,000 |
| 2007 | Filing Frivolous Return | 1/4/2010 | I.R.C. § 6702 | 5,000 |
| 2007 | Filing Frivolous Return | 10/18/2010 | I.R.C. § 6702 | 5,000 |
| 2007 | Filing Frivolous Return | 8/1/2011 | I.R.C. § 6702 | 5,000 |

*See* Def.'s Mot. at 4-8 & App. B, Ex. 11-14. Ms. Tiernan has made no payments toward any of the penalties except for part of the penalty assessed in 2009, for the 2002 tax year, amounting to $1,265.42. *Id.*, App. B at B-62.

## STANDARDS FOR DECISION

This court derives its jurisdiction over federal tax refund cases from the Tucker Act, 28 U.S.C. § 1491(a)(1). *See Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002); *Heger v. United States*, 103 Fed. Cl. 261, 263 (2012). In such cases, the plaintiff bears the burden to prove that each claim falls within this jurisdictional grant. *See Barrett v. Nicolson*, 466 F.3d 1038, 1041 (Fed. Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188-89 (1936)). When deciding a motion to dismiss, the court will construe all unchallenged allegations in the complaint in favor of the pleader, but disputed jurisdictional facts must be proved by a preponderance of the evidence. *See Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed. Cir. 1989) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Nez Perce Tribe v. United States*, 83 Fed. Cl. 186, 188 (2008). In this instance, the court will construe Ms. Tiernan's *pro se* pleadings liberally, but this leniency cannot relieve the plaintiff of her burden to prove jurisdiction. *See Heger*, 103 Fed. Cl. at 263 (citing *Jackson v. United States*, 100 Fed. Cl. 34, 39 (2011)). Ms. Tiernan's complaint engenders three jurisdictional questions.

First, jurisdiction in this court is subject to the requirements set out at I.R.C. § 7422(a). *See United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 7-8 (2008); *Diamond v. United States*, 107 Fed. Cl. 702, 705 (2012), *aff'd*, __ Fed. Appx. __, 2013 WL 5096287 (Fed. Cir. Sep. 12, 2013); *Dumont v. United States*, 85 Fed. Cl. 425, 427-28 (2009), *aff'd*, 345 Fed. Appx. 586 (Fed. Cir. 2009). Under Section 7422,

> [n]o suit or proceeding shall be maintained in any court for the recovery
> of any internal revenue tax alleged to have been erroneously or illegally
> assessed or collected, or of any penalty claimed to have been collected
> without authority, or of any sum alleged to have been excessive or in any
> manner wrongfully collected, until a claim for refund or credit has been
> duly filed with the Secretary, according to the provisions of law in that
> regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). Consequently, Ms. Tiernan, in seeking to establish subject matter jurisdiction in this court for a tax refund claim, must demonstrate that she has first filed her claim with the Secretary of the Treasury as required by Section 7422. *Clintwood Elkhorn*, 553 U.S. at 7-8; *Diamond*, 107 Fed. Cl. at 705.

Second, Ms. Tiernan must demonstrate compliance with the "full payment rule," *i.e.*, to seek a refund she must first have fully paid the pertinent tax liability. *Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993) (citing *Flora v. United States*, 362 U.S. 145, 150 (1960)); *see also Brach v. United States*, 98 Fed. Cl. 60, 65-66 (2011), *aff'd on other grounds*, 443 Fed. Appx. 543 (Fed. Cir. 2011).

Finally, the court's jurisdiction over tax refund claims is subject to the statute of limitations expressed in I.R.C. § 6511. Section 6511(a) requires that a refund claim must "be filed . . . within 3 years from the time the return was filed, or 2 years from the time the tax was paid, whichever of such periods expires the later." I.R.C. § 6511(a); *see Dumont*, 85 Fed. Cl. at 428. Under the relevant Treasury regulations, the filing of a tax return seeking a refund "constitute[s] a claim for refund or credit . . . for the amount of the overpayment disclosed by such return." 26 C.F.R. § 301.6402-3(a)(5).

## ANALYSIS

### I. Income Tax

#### A. *Section 7422*

Ms. Tiernan has never filed a tax return for the tax year 2002, nor has she filed any other documentation which could be construed as a claim for a tax refund for this particular year. The government asserts that Ms. Tiernan has not established jurisdiction over any claims for a tax refund for that year because she has not complied with the requirements of Section 7422 by filing a claim with the IRS. Def.'s Reply to Pl.'s Resp. to Mot. to Dismiss ("Def.'s Reply") at 3. That contention is well taken. Ms. Tiernan has failed to establish that the court has jurisdiction over her claim for the tax year 2002.

The "variance doctrine" is a corollary derived from Section 7422 that "bars a taxpayer from presenting claims in a tax refund suit that 'substantially vary' the legal theories and factual bases set forth in the tax refund claim presented to the I.R.S." *Lockheed Martin Corp. v. United States*, 210 F.3d 1366, 1371 (Fed. Cir. 2000) (citing *Cook v. United States*, 599 F.2d 400, 406 (Cl. Ct. 1979)); *see also Heger*, 103 Fed. Cl. at 263-64. A Treasury Regulation requires a

4

taxpayer who seeks a refund to "set forth in detail each ground upon which a . . . refund is claimed and facts sufficient to apprise the [IRS] of the exact basis thereof." 26 C.F.R. § 301.6402-2(b)(1). In essence, Ms. Tiernan cannot present theories or factual bases for refund claims in this court that have not previously been presented to the IRS. Ms. Tiernan alleges that she is not subject to federal tax laws because she is not a citizen of the United States but rather is an "American National." Compl. at 1.[6] This contention does not appear in any of her tax return filings. *See* Def.'s Reply, Ex. A. Consequently, the court finds, as an alternative ground for dismissal of all of Ms. Tiernan's claims, that she has presented her claims for refund in this court on a ground that varies from those in the returns she filed, and therefore the court cannot exercise jurisdiction over any of her claims.

### B. *Full Payment Rule*

The government argues that the court cannot exercise jurisdiction over Ms. Tiernan's tax refund claims for the tax years 2004, 2006, 2007, 2008, and 2009 because the tax liability for those years has not been paid in full. Def.'s Mot. at 13-14. Ms. Tiernan does not contest this point, and the tax records provided to the court for those years show balances that have not been paid. The court accordingly concurs that subject matter jurisdiction for Ms. Tiernan's refund claims has not been established for tax years 2004, 2006, 2007, 2008, and 2009.

### C. *The "Look Back" Provisions of Section 6511(b)*

For the 2003 and 2005 tax years, Ms. Tiernan has fully paid her tax liability. The government argues that her claims for these tax years should be dismissed for failure to state a claim because her recovery would be limited to $0 under the "look back" provisions of Section 6511(b). Def.'s Mot. at 14; Def.'s Reply at 6.[7] Section 6511(b) contains two look-back provisions which limit recovery of a refund. If a claim is filed within three years of the tax

---

[6]Ms. Tiernan contends that federal income taxes may lawfully be imposed only on persons who are citizens of the District of Columbia and other federal enclaves. Because she was born in Rhode Island, Ms. Tiernan is a citizen of the United States as well as Rhode Island. *See* U.S. Const., amend. XIV, § 1 ("All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside."). The Internal Revenue Code "imposes an income tax on the income of every individual who is a citizen or resident of the United States." 26 C.F.R. § 1.1-1(a)(1). Ms. Tiernan's argument, therefore, is frivolous. *See United States v. Cooper*, 170 F.3d 691, 691-92 (7th Cir. 1999) (ordering an appellant to show cause why he should not be sanctioned for making the frivolous argument that only residents of the District of Columbia and other federal enclaves are subject to federal tax laws); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (rejecting as frivolous a defendant's argument that he was not subject to federal income taxes because he was solely a resident of the State of Michigan and not a resident of any "federal zone.").

[7]The government also argues that the 2003 and 2005 amended returns are not proper claims for refund because they fail to state an overpayment as required by 26 C.F.R. § 301.6402-3(a)(5). *See* Def.'s Reply at 6. This issue was not fully addressed by the parties, and the court consequently declines to consider it.

5

return, then the taxpayer is limited to the portion of taxes paid during the three-year period immediately preceding the filing of the claim. I.R.C. § 6511(b)(2)(A). If the refund claim is not filed within three years from the time a return was filed, then the amount of the credit or refund is limited to "the portion of the tax paid during the 2 years immediately preceding the filing of the claim." I.R.C. § 6511(b)(2)(B). Where a taxpayer pays part of the tax before, and part after, filing a refund claim, the amount of any refund potentially allowable is limited to the amount paid before the claim (and within the applicable two- or three-year look-back period). *See Carroll v. United States*, 198 F. Supp. 2d 328, 348 (E.D.N.Y. 2001), *rev'd on other grounds*, 339 F.3d 61 (2d Cir. 2003); *Keeter v. United States*, 957 F. Supp. 1160, 1163-64 (E.D. Cal. 1997) (holding that a refund may include additional taxes paid after the filing of a refund claim, so long as the total does not exceed the portion of tax paid prior to the administrative claim). The amount paid after the refund claim arguably constitutes a request for abatement rather than refund. *See Carroll*, 198 F. Supp. 2d at 346-47 (discussing, *inter alia*, *Import Wholesalers Corp. v. United States*, 368 F.2d 577, 578-80 (Ct. Cl. 1966) (finding waiver of the prior-claim rule where taxpayer, in requesting abatement, set forth the necessary elements for a refund, and an IRS District Director responded to that request with a "claim for refund" form letter)). If the look-back provisions result in no recovery to the taxpayer, the court treats such a result as a failure to state a claim upon which relief can be granted. *See Boeri v. United States*, 724 F.3d 1367, 1369 (Fed. Cir. 2013); *Murdock v. United States*, 103 Fed. Cl. 389, 393 (2012).

For the 2003 tax year, plaintiff was given a four month extension in which to file a return. Therefore, the "look back" time limit for 2003 should be three years plus four months. *See* I.R.C. § 6511(b)(2)(A) (referring to "the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return."). She made a single payment on April 15, 2004 toward her tax liability for 2003 and filed her return on September 11, 2009 and her amended return on November 23, 2010. Thus, recovery is barred for any payment made before May 11, 2006. Because her single payment was made before the "look back" limit for either filing date, recovery would be constrained to $0 for 2003. The amounts collected after the amended returns were filed would be subject to abatement requests, not refund claims.[8] As for the 2005 tax year, plaintiff made no payment toward that year's tax liability before she filed her amended return.[9] The amounts collected afterward would be subject only to abatement requests. Therefore, any refund recovery for 2005 would also be limited to $0. As a result, plaintiff has failed to state a claim upon which relief can be granted, and her claims for the 2003 and 2005 tax years are dismissed under RCFC 12(b)(6).

## II. Penalties

Ms. Tiernan also challenges the penalties assessed against her by the IRS. *See* Compl. at 3 (seeking return of "all monies"). The IRS assessed penalties against Ms. Tiernan for filing

---

[8]Ordinarily, taxpayers avoid this result by filing fresh refund requests after additional payments have been made.

[9]The amended return for 2005 was filed on November 23, 2010. Her first payment of tax was on August 16, 2011. *See* Def.'s Mot. Ex. 2, App. B at B-26.

6

frivolous returns under the authority of I.R.C. § 6702. Generally, a taxpayer must pay the penalty in full before challenging the penalty in court. *See Schlabach v. United States*, 101 Fed. Cl. 678, 681-82 (2011) (discussing frivolous return penalties); *Humphrey v. United States*, 854 F. Supp. 2d 1301, 1303-04 (N.D. Ga. 2011); *see also* 26 U.S.C. § 6532(a); *Flora*, 362 U.S. at 155. Because Ms. Tiernan did not pay any of her penalties in full, the court cannot exercise subject matter jurisdiction over her claims for a refund regarding the penalties.[10]

### III. Alleged Injuries from IRS's Tax Collection Activities

The complaint also alleges that Ms. Tiernan sustained injuries based on the IRS's actions regarding "liens and levies," specifically a levy against her house. Compl. at 3. The government avers that the court lacks subject matter jurisdiction over these claims because they are reserved for the federal district courts. Def.'s Mot. at 8-9; Def.'s Reply at 8. Section 7433 of the Internal Revenue Code states in pertinent part:

> If, in connection with any collection of [f]ederal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or, any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

I.R.C. § 7433(a). This specific grant of jurisdiction to district courts to hear damage claims arising out of the IRS's collection activities obviates any possible jurisdiction this court might otherwise have. *See Montagne v. United States*, 90 Fed. Cl. 41, 48 (2009); *Dumont*, 85 Fed. Cl. at 430.[11]

### CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED. The clerk shall enter judgment in accord with this decision.

No costs.

---

[10]I.R.C. § 6703(c)(1) provides an alternative to the full payment requirement, allowing a taxpayer to pay 15% of the penalty and file for a refund within 30 days of receiving notice of the penalty. *See* I.R.C. § 6703(c)(1); *see also Humphrey*, 854 F. Supp. 2d at 1304. Ms. Tiernan does not satisfy this exception. Although she made a payment of more than 15% of the penalty assessed for 2002, she did not file for a refund of the penalty within the required deadline of 30 days from that payment.

[11]The government also contends that damage claims arising from collection activities "sound in tort" and therefore are excluded from this court's jurisdictional grant under the Tucker Act. Def.'s Mot. at 9-10; Def.'s Reply at 8.

8

It is so **ORDERED**.

                                                                          _____
                                                                          Charles F. Lettow
                                                                          Judge